AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA

V.

Gregory Carter
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR 06-143-GMS.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC § 841  .
  - ☐ under 18 U.S.C. § 924(c).
- X☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   clear and convincing evidence   a preponderance of the evidence: Defendant did not oppose detention, but reserved the right to raise the issue later which was granted. Defendant ws indicted so there is probable cause to support the various drug related offenses against him. All carry the possibility of imprisonment in excess of 10 years and therefore, the rebuttable presumption applies. In addition, defendant should be detained in light of his criminal history and other characteristics including:

1. conviction in 1997 for possession with intent to deliver/maintain a dwelling for which he VOP on two occassions. Conviction for assault 1st in 1997 for which he VOP in 2000. Arrest for flight to avoid prosecution (in PA) in 1999; conviction of fugitive from justice, distribution of Class B substance in MA in 2001; reckless endangering 1st (DE); possession of marijuana and distribution of CDS in NJ. Defendant's criminal history runs up and down the north eastern sea board.

2. Although defendant has been in and out of DE during the past 12 years, his ties here are minimal since family live in other states. He has only lived at his current address for 6 months and could not provide a previous history of residence. He has used several aliases and SS#. His employment is as an independent barber – no other work history.



FILED

AUG 2 2 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| August 21, 2007 | _(signature)_ |
|---|---|
| Date | Signature of Judicial Officer |
|  | Mary Pat Thynge, Magistrate Judge |
|  | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).