IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Criminal Action No. 06-143-GMS |
| GREGORY CARTER, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and the defendant, Gregory Carter, by and through his attorney, Luis A. Ortiz, Esquire, the following agreement is hereby entered into by the respective parties:

    1.    The defendant agrees to plead guilty in the United States District Court for the District of Delaware to Counts I, II, and III of the Superseding Indictment. Count I charges the defendant with knowingly distributing 50 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). The maximum penalties for Count I are at least ten years and up to life imprisonment; a $4,000,000 fine; a term of supervised release of at least five years up to a life term of supervised release; and a $100.00 special assessment. Counts II and III each charge the defendant with knowingly distributing 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B). Counts II and III each carry a maximum penalty of at least five years and up to forty years imprisonment; a $2,000,000 fine; a term of supervised release of at least four years up to a life term of supervised release; and a $100.00 special assessment.

    2.    The defendant understands that if there were a trial, the United States would have to

prove beyond a reasonable doubt the elements of the offenses to which he is pleading guilty, that is, that: (1) on or about the dates set forth in the Superseding Indictment, the Defendant knowingly or intentionally distributed a controlled substance, to wit, cocaine base; and (2) at such time the defendant distributed the controlled substance he was aware that the substance distributed was cocaine base. With respect to Count I, the Government must further prove that the Defendant distributed fifty grams or more of a mixture or substance that contains a detectable amount of cocaine base. With respect to Counts II and III, the Government must further prove that the Defendant distributed five grams or more of a mixture or substance that contains a detectable amount of cocaine base.

3. In accordance with this Agreement, the defendant admits that on or about December 14, 2005, he knowingly distributed 53.3 grams of a mixture of substance containing cocaine base; that on or about January 24, 2006, he knowingly distributed 25.9 grams of a mixture or substance containing cocaine base; and that on or about December 14, 2006, he knowingly distributed 27.1 grams of a mixture or substance containing cocaine base.

4. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a three-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1.

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will

be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. The defendant agrees to pay the $300 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
Luis A. Ortiz, Esquire
Attorney for the Defendant

By: _____
Robert F. Kravetz
Assistant United States Attorney

_____
Gregory Carter, Defendant

Dated: October 18, 2007

AND NOW, this __18TH__ day of __Oct.__ 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Gregory M. Sleet
Chief United States District Judge

FILED
OCT 1 8 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE